**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com
Attorneys for Plaintiff
TONY NUNLEY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TONY NUNLEY,<br><br>Plaintiff,<br>vs.<br><br>BACKGROUND CHECK CENTRAL,<br><br>Defendant(s). | Case No.: 2:19-cv-10938<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. **VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681, *ET. SEQ.*];**<br>2. **VIOLATIONS OF THE INVESTIGATIVE CONSUMER REPORTING AGENCIES ACT ("ICRAA") [CAL. CIV. CODE § 1786, *ET. SEQ.]*** |

## INTRODUCTION

1.     TONY NUNLEY ("Plaintiff") brings this action to secure redress from BACKGROUND CHECK CENTRAL  ("Defendant") for violations of the Fair Credit Reporting Act ("FCRA") and the Investigative Consumer Reporting Agencies Act ("ICRAA").

1

## JURISDICTION AND VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Carson, CA.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c), and the ICRAA, Cal. Civ. Code § 1785.2(b).

6. Defendant is a business entity that provides employment screening services to various third-parties with its principal place of business located in Clinton Township, MI.

7. At all relevant times Defendant was a "person" as defined by the FCRA, Section 1681a(b), and the ICRAA, Cal. Civ. Code § 1786.2(a).

8. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by the FCRA, 15 U.S.C. §1681a(f), and an "investigative consumer reporting agency", as defined by ICRAA, Cal. Civ. Code § 1786.3(d)

9. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## FACTUAL ALLEGATIONS

10. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d) and "investigative consumer reports" as defined by Cal. Civ. Code § 1786.2(c).

11. Among other things, the FCRA and the ICRAA regulate the collection,

maintenance and disclosure of consumer report information by consumer reporting agencies and investigative comer report information by investigative consumer reporting agencies.

12. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

13. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's criminal conviction history.

14. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. See 15 U.S.C. § 1681e(b) *etc.*

15. Addtionally, the California Investigative Consumer Reporting Agencies Act ("ICRAA") governs investigative reporting agencies that compile, sell, and furnish investigative reports. *See* Cal. Civ. § 1786 *et seq.* The ICRAA imposes a duty on the investigative reporting agency to verify the accuracy of certain information that is a matter of public record, including criminal records of arrest, conviction and parole, to implement reasonable procedures to assure maximum possible accuracy of information that is reported. Cal. Civ. Code, §§1786.28(b), §1786.20(a),(b).

16. Defendant fails to abide by the restrictions and requirements set forth above and routinely provide screening reports that contain unverified and inaccurate information.

17. Defendant's violations, on information and belief, occur because Defendant has failed to implement reasonable procedures to avoid the release of unverified and inaccurate information, and because Defendant has failed to implement reasonable procedures to assure maximum possible accuracy of the information contained in its reports.

18. In and around September, 2019, Plaintiff applied for a position of employment with Berry Fresh Produce, LLC (hereinafter "Berry Fresh").

19. In and around September, 2019, Defendant prepared and sold a consumer report to Berry Fresh, purportedly regarding the character and general reputation of Plaintiff.

20. The aforementioned consumer report contained public record information that falsely indicated that Plaintiff had been convicted of three (3) felonies in 2017 (hereinafter "inaccurate information"). Plaintiff has never been convicted of any felonies.

21. Despite the furnishing to Berry Fresh of a consumer report regarding Plaintiff that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, Defendant failed to maintain strict procedures designed to ensure that the public record information it reported to Defendant about Plaintiff was current and complete.

22. Despite its obligations pursuant to the FCRA and the ICRAA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties.

23. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

24. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

25. As of the result of the inaccurate information reported by Defendant to Berry Fresh, Plaintiff was not offered the position of employment with Berry Fresh.

26. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to Berry Fresh and other unknown third parties.

27. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Loss of employment opportunity;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other

people both known and unknown;

28. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

29. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o and Cal. Civ. Code Code § 1786.50(a)(1) and 1786.50(b), Defendant is liable to Plaintiff for engaging in the following conduct:

a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's(a) credit report, information and file, in violation of 15 U.S.C. §1681e(b) and Cal. Civ. Code § 1786.20;

b. willfully and negligently failing to maintain procedures designed to ensure that the reporting of public record information, which was likely to have an adverse effect on a Plaintiff's ability to obtain employment, was current and complete, in violation of 15 U.S.C. §1681k(a)(2) and Cal. Civ. Code § 1786.28(b).

30. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## FIRST CAUSE OF ACTION
### Violations of 15 U.S.C. § 1681e(b)

31. Plaintiff realleges and incorporates by reference the prior paragraphs of this Complaint as if fully set forth herein.

32. Defendant willfully failed to maintain reasonable procedures designed to assure maximum possible accuracy of the information reported about Plaintiff in violation of 15 U.S.C. § 1681e(b).

33. Defendant's willful violation of 15 U.S.C. § 1681e(b) has caused damages to Plaintiff for which damages Plaintiff is liable under 15 U.S.C. § 1681n.

34. In the alternative, Defendant negligently failed to maintain reasonable procedures designed to assure maximum possible accuracy of the information reported about Plaintiff, in violation of 15 U.S.C. § 1681e(b).

35. Plaintiff's negligent violation of 15 U.S.C. § 1681e(b) has caused actual damages to Plaintiff for which damages Defendant is liable under 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION
### Violations of 15 U.S.C. § 1681k(a)(2)

36. Plaintiff incorporates the preceding paragraphs as alleged above.

37. Defendant compiled a consumer reports for Berry Fresh containing information regarding Plaintiff.

38. Defendant included in these reports information available through public records that was likely to adversely affect the ability of Plaintiff to obtain employment.

39. Before taking these adverse employment actions, Defendant failed to maintain strict procedures intended to ensure that the information contained in the reports was complete and up to date.

40. As a result of Defendant's actions, Plaintiff has been deprived of his consumer rights and denied the ability to ensure that the information likely to adversely impact their ability to obtain employment was complete and up to date.

41. Defendant's conduct was willful, making it liable for actual or statutory damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

42. Alternatively, Defendant's actions were negligent, rendering it liable for actual damages, and attorneys' fees and costs, pursuant to 15 U.S.C. § 1681o.

//

//

## THIRD CAUSE OF ACTION

## Violations of Cal. Civ. Code § 1786.20

43. Plaintiff incorporates the preceding paragraphs as alleged above.

44. Defendant is, and at all times was, an investigative reporting agency engaged in the practice of assembling and evaluating information on consumers for the purpose of furnishing investigative consumer reports to third parties for monetary fees.

45. Upon information and belief, Defendant has not, and currently does not maintain reasonable procedures to avoid violations of Section 1786.28(b) and/or does not follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates,

46. Defendant's violations were willful and/or grossly negligent because Defendant was aware of its obligations under ICRAA but nonetheless consciously elected to disregard its obligations.

## FOURTH CAUSE OF ACTION

## Violations of Cal. Code 1786.28(b)

47. Plaintiff incorporates the preceding paragraphs as alleged above.

48. Defendant compiled a consumer reports for Berry Fresh containing information regarding Plaintiff.

49. Defendant included in these reports information available through public records that was likely to adversely affect the ability of Plaintiff to obtain employment.

50. Before taking these adverse employment actions, Defendant failed to maintain strict procedures intended to ensure that the information contained in the reports was complete and up to date.

51. As a result of Defendant's actions, Plaintiff has been deprived of his consumer rights and denied the ability to ensure that the information likely to adversely impact their ability to obtain employment was complete and up to date.

52. Defendant's conduct was willful, making it liable for actual or

statutory damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1786.50(a)(1) and § 1786.50(b).

53. Alternatively, Defendant's actions were negligent, rendering it liable for actual damages, and attorneys' fees and costs pursuant to Cal. Civ. Code § 1786.50(a)(1)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment as follows:

53. an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C § 1681(n) and Cal. Civ. Code § 1786.50(a)(1);

54. an award of statutory damages of $ 1,000.00 per willful violation of 15 U.S.C. § 1681e(b) of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

55. an award of statutory damages of $ 1,000.00 per willful violation of 15 U.S.C. § 1681k(a)(2), pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

56. an award of punitive damages per willful violation of 15 U.S.C § 1681e(b) of the FCRA, pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o);

57. an award of punitive damages per willful violation of 15 U.S.C § 15 U.S.C. § 1681k(a)(2), pursuant to 15 U.S.C § 1681(n) and 15 U.S.C. § 1681(o).

56. an award of punitive damages per willful violation of Cal. Civ. Code § 1786.20, pursuant to Cal. Civ. Code § 1786.50(a)(1) and (b);

57. an award of punitive damages per willful violation of Cal. Civ. Code § 1786.28(b), pursuant to Cal. Civ. Code § 1786.50(a)(1) and (b);

57. an award of attorneys' fees and costs pursuant to 15 U.S.C § 1681(o) and Cal. Civ. Code § 1786.50(a)(2);

58. Providing such further relief as may be just and proper.

# **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

                                                    RESPECTFULLY SUBMITTED,

Dated: December 30, 2019         MARTIN & BONTRAGER, APC

By: /s/G. Thomas Martin, III
     G. Thomas Martin, III
     *Attorney for Plaint*